5L 395
8L 757

DAVID S. HILTON v. DAN'L MILLER & CO.

RELATIONSHIP. *Confession of judgment. Waiver.* A confession of judgment in writing before a justice of the peace related to either party, is a substantial compliance with that section of the Code requiring a waiver in writing of the relationship of the justice, and estops the party to question the validity of the judgment.

FROM CARTER.

Appeal from the Chancery Court at Elizabethtown. H. C. SMITH, Ch.

J. R. FLETCHER for complainant.

H. M. FOLSOM for defendants.

DEADERICK, C. J., delivered the opinion of the court.

On the 30th of January, 1872, defendants obtained judgment against complainant for $293.50. This judgment was rendered, on confession, by one Burrow, an acting justice of the peace of Carter county, whose wife was a niece of Hilton. A warrant was issued by said Burrow on the case, returnable before himself or some other justice, service of which was acknowledged by Hilton on the 30th of January, 1872; and on the same day, and in the same entry of acknowledgment of service, he confessed judgment before said Burrow for $293.50, in writing, signed by him, whereupon judgment for that sum was entered by the justice upon the warrant. Upon this judgment execution was issued and levied upon a house and lot, and the papers having been returned into the circuit court of said county, the house and lot were ordered to be sold, and were sold, plaintiff in the execution becoming the purchaser. After the time of redemption had expired, Hilton surrendered possession to the purchasers, they having taken a sheriff's deed for the property, and from that time until the filing of the bill in this case (January, 1879) Miller & Co. have remained in the undisturbed possession of the property.

The bill is filed to have declared void the judgment and subsequent proceedings had thereon, upon the ground that the justice who rendered the judgment had no jurisdiction to do so, because of the relationship of his wife to the complainant against whom the judgment was rendered.

Undoubtedly the statutes prohibiting a judicial officer from trying cases of his relatives are wise and salutary. They are made for the protection of parties against that natural partiality which is almost universally entertained by men for their near kindred. But parties may waive objections of this character to the competency of a judge or justice of the peace. And this waiver, it has been held, may be express or by necessary implication. 2 Swan, 172. And, in a recent case, it was held by this court that "the circuit court erred in reversing the action of the county court because of relationship within the prohibited degree of the chairman of said court," no objection having been taken "to the competency of the chairman" at the time of trial. 1 Lea, 125. The decision. in the 2 Swan case was made under the act of 1835, which is the same as sec. 4098 of the Code, except that the Code requires the waiver to be in writing if before a court which is not a court of record, or if a court of record, to be entered of record. But we do not understand that this statute requires that the waiver, of record or in writing, should be in express words; it may be by necessary implication.

And when a party appears before a justice incompetent to try his case because of kinship, and agrees and does confess judgment before him, in writing, he necessarily waives objection to the rendition of such judgment and to the incompetency of the justice, who is thus authorized to render the judgment against him.

The Code provides that *any* debtor may confess judgment before *any* justice of the peace having juris-

·diction of the amount, and such judgment so rendered upon confession shall not be appealed or taken up for review by writ of error. Secs. 2977–8–9. It is a reasonable and just provision that a party, having voluntarily admitted his liability and agreed that judgment shall be rendered against him, shall be bound by his own confession.

The justice of the debt is not contested in this case, and the judgment has remained unquestioned and unimpeached for about seven years, with full knowledge of the facts upon which it .is now sought to avoid it.

The chancellor dismissed the bill, and we affirm his decree with costs.